On appellants' petition for reconsideration filed October 4, 1989, reconsideration allowed, former opinion (98 Or App 140, 779 P2d 163) modified and adhered to as modified November 22, 1989

In the Matter of the Adoption of
Weeks, a Minor Child.

VANLUE et ux,
*Appellants,*

*v.*

COLLINS,
*Respondent.*

(88C 40347; CA A49938)

782 P2d 951

Greg Allen Hunt, Eugene, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Appellants have petitioned for review of our decision, 98 Or App 140, 779 P2d 163 (1989), and we treat the petition as one for reconsideration, ORAP 10.10, allow it and adhere to our original opinion as modified.

In our opinion, we stated:

"After the birth and before March 29, 1988, the mother received a letter from objector in which he offered support for the child. On March 29, 1988, objector wrote another letter to the mother, which she received, in which he asked: 'May I help you to support your child?' About April 7, 1988, objector sent a certified letter, in which he offered to support the child and enclosed a check for $200, to the mother at her grandmother's Salem address, the only Oregon address for the mother of which he knew. The mother's father returned the letter unopened." 98 Or App at 143.

Appellants assert that objector did not send a letter to the mother after the birth and before March 29, 1988. That assertion is correct. Objector sent two letters to the mother after the birth: (1) on March 29, 1988, when he offered to support the child; and (2) on April 7, 1988, with a check for $200. Appellants also assert that the mother's father never "received" the letter of April 7, 1988. The mother's father received notice of a certified letter from the post office, but he refused delivery, and the letter was returned unopened to objector.

Accordingly, we modify our opinion to delete the material quoted above and to replace it with:

"On March 29, 1988, objector wrote a letter to the mother, which she received, in which he asked: 'May I help you support your child?' About April 7, 1988, objector sent a certified letter, in which he offered to support the child and enclosed a check for $200, to the mother at her grandmother's Salem address, the only Oregon address for the mother of which he knew. Mother's father received notice of a certified letter from the post office, but he refused delivery of the letter. It was returned unopened to objector."

In our opinion, we correctly stated with respect to the mother:

"She also testified that she put the child 'up for adoption

because [she] heard [that objector] was in town, and [she] was putting her up for adoption for her safety.' " 98 Or App at 144.

However, we also stated:

"His letter of March 29, 1988, and his earlier letter after the child's birth were offers to support the child. Evidently, the mother also gave that interpretation to the letters, as well as to objector's subsequent trip to Oregon, because she placed the child for adoption as soon as she heard that he was in Oregon looking for her." 98 Or App at 146.

Appellants assert that, in addition to the reference to "his earlier letter," the text is incorrect, because objector did not arrive in Oregon until around May 11, and the mother had placed the child for adoption about April 20. We modify our opinion to delete the last material quoted and to replace it with the following:

"His letter of March 29, 1988, was an offer to support the child. Evidently, the mother also gave that interpretation to the letter and placed the child for adoption as soon as she thought that he was in Oregon."

As modified, we adhere to our opinion.

Petition for reconsideration allowed; former opinion modified and adhered to as modified.